IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v | : | Criminal Case No. L-95-347 |
| | | Related Civil Action No. L-01-3130 |
| ROBERT D. PARKS, #22773-037 | : | |

MEMORANDUM

Pending is Robert D. Parks's Fed. R. Civ. P 60(b)(6) Motion to "reopen" dismissal of his Motion to Vacate. The Motion will be denied for reasons that follow.

I.   BACKGROUND

Parks is serving life imprisonment for murder in furtherance of a racketeering activity, in violation of 18 U.S.C.A. § 1959(a)(1), conspiracy to murder as part of a racketeering activity, in violation of 18 U.S.C.A. § 1959(a)(5), and conspiracy to distribute heroin, in violation of 21 U.S.C.A. § 846. The Fourth Circuit confirmed judgment on appeal. See United States v. Parks, 129 F.3d 118 (4th Cir. 1997) (Table). The Supreme Court denied certiorari on February 23, 1998. See Parks v. United States, 522 U.S. 1142 (1998).

Parks' conviction became final for the purpose of running the one-year limitations under 28 U.S.C. § 2255 on February 23, 1998, and expired one year later on February 24, 1999. On October 31, 2000, Parks moved for an extension of time to file a § 2255, and the motion was dismissed. On October 22, 2001, Parks filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. On October 30, 2001, the Court denied the Motion as time-barred. See Parks v. United States, Civil Action No. L-01-3130 (D. Md).

**II.     CLAIMS**

In his Rule 60(b) Motion, Parks raises arguments that this Court previously considered and rejected as grounds for equitably tolling the § 2255 limitations period: 1) his attorney delayed for eight months before notifying him that certiorari had been denied; and 2) he was unable to obtain funds to retain post-conviction counsel.  Parks argues that granting him relief serves the ends of justice and "a supervening change in AEDPA[1] procedural law can be the kind of extraordinary circumstances" that justifies  relief  "within the meaning of Rule 60(b) (6)."  Motion, p . 3.

**III.    ANALYSIS**

A Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.  See <u>Ackermann v. United States</u>, 340 U.S. 193, 198 (1950).  Therefore, before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  <u>Werner v. Carbo</u>, 731 F.2d 204, 207 (4th Cir. 1984).[2]   The instant motion relies on the Rule's catchall section, Rule 60(b)(6), which extends to "any other reason justifying relief from the operation of the judgment."  Fed.R.Civ.P. 60(b)(6).  This subsection "provides the court

---

[1]    Antiterrorism and Effective Death Penalty Act of 1996, codified in relevant part at 28 U.S.C. § 2255.

[2]    Fed. R. Civil P 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

with a grand reservoir of equitable power to do justice in a particular case" and is reserved for "extraordinary circumstances." Reid v. Angelone, 369 F.3d 363, 374 (4th Cir. 2004) (quoting Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 872 (4th Cir. 1999)).

Parks, as the moving party, bears the burden of demonstrating that relief is warranted. See McLawhorn v. John Daniel & Co., Inc., 924 F.2d 535 (4th Cir. 1991). He filed the instant motion on February 26, 2010, more than eight years after his first § 2255 was denied as time-barred, and advances no cause to explain or excuse such lengthy delay. Further, his allegations do not amount to exceptional circumstances. His claim that enactment of AEDPA constitutes an extraordinary circumstance is wholly devoid of merit. Parks is not entitled to relief under Rule 60(b) and the Motion will be denied by separate Order.

## IV.   CONCLUSION

For the reasons stated herein, the Court shall deny the Petition. A separate Order shall be entered in accordance with this Memorandum.

Dated this 24th day of March 2010.

/s/
_____
Benson Everett Legg
United States District Judge