# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT DONNELL PARKS | * | |
| v. | * | Civil No. JFM-16-1392 |
| UNITED STATES OF AMERICA | * | Criminal No. JFM-95-347 |

## MEMORANDUM

After a nine-day jury trial Robert Donnell Parks was convicted of murder in furtherance of a racketeering activity, conspiracy to murder as part of a racketeering activity, and conspiracy to distribute heroin, in violation of 18 U.S.C. §§ 1959(a)(1), (a)(5) and 21 U.S.C. § 846. Criminal judgment was entered on the docket on August 1, 1996. *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.). The criminal judgment was affirmed on appeal on October 28, 1997. *Id.* at Paper No. 73; see also *United States v. Parks*, 129 F.3d 118 (4th Cir. 1997). Parks' petition for writ of certiorari was denied by the Supreme Court on February 23, 1998. *See Parks v. United States*, 522 U.S. 1142 (1998).

On October 30, 2001, Parks' first 28 U.S.C. § 2255 motion was denied and dismissed with prejudice as time-barred. *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.) at Paper 77 & 78. In addition, his motion to reopen the dismissal of his motion to vacate was denied on March 24, 2010. *Id.* at ECF No. 84 & 85.

On May 9, 2016, Parks filed his most recent self-represented § 2255 motion.[1] *Id.* at ECF No. 86. Generously construing the document, Parks claims that his prior convictions cannot stand in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made

retroactive to prior criminal cases by *Welch v. United States*, 136 S. Ct. 1257 (2016). He maintains that his sentence was enhanced under Sentencing Guideline § 4B1.1 as a "career offender" and he should be resentenced under *Johnson*. *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.) at ECF No. 86.

Several circuits have determined that dismissal of a motion as time-barred is a decision on the merits for the purpose of deciding whether subsequent petitions are second or successive. *See e.g. Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (*per curiam*); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *In re Rain*, 659 F.3d 1274, 1275 (10th Cir. 2011).

Insofar as the recent motion raises an attack on Parks' sentences, the challenge amounts to a successive motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Fourth Circuit has denied Parks authorization to file a second or successive § 2255 motion. *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.) at ECF No. 88. Upon review of the record, it concluded that Parks' sentence was not based on the career offender

---

[1] With Judge Benson E. Legg's retirement, the case was reassigned on May 10, 2016.

sentencing guideline, but was instead based on a cross-reference to the base offense level for first-degree murder.[2] *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.) at ECF No. 88. For this reason, the motion shall be denied and dismissed.

Parks has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Parks "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). The court declines to issue a certificate of appealability because Parks has not made the requisite showing. A separate Order follows.

Date: June 30, 2016

J. Frederick Motz
United States District Judge

---

[2] The government filed a motion to dismiss arguing that Parks' motion should be denied as he did not obtain Fourth Circuit authorization to file a successive motion and he is not eligible for relief under *Johnson* as he was not sentenced as a career offender. *See United States v. Parks*, Criminal No. JFM-95-347 (D. Md.) at ECF No. 87.

3