IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | **Criminal Case No.: 95-0347-JFM** |
| | * | |
| **ROBERT PARKS,** | * | |
| Petitioner. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Federal prison inmate Robert Parks has filed a series of *pro se* motions: (1) a Motion to Correct Illegal Sentence pursuant to 18 U.S.C. § 3553(a)(6), ECF 97; (2) a Motion to Set Aside, Vacate all Post-Conviction Judgment Orders Denying Post-Conviction Relief, pursuant to Fed. R. Civ. P 60, ECF 103; and (3) a challenge to defects in the integrity of proceedings, which was docketed as correspondence, ECF 106.[1] The Government has responded, arguing that the motions amount to second or successive petitions under 28 U.S.C. § 2255, over which this Court has no jurisdiction unless authorized by the United States Court of Appeals for the Fourth Circuit. ECF 108. The government is correct.

After he was convicted by a jury, Parks was sentenced on July 26, 1996 to life imprisonment for murder in furtherance of a racketeering activity, conspiracy to murder as part of a racketeering activity, and conspiracy to distribute heroin. The Fourth Circuit affirmed his conviction and sentence on appeal, *United States v. Parks*, 129 F.3d 118 (4th Cir. 1997), and the Supreme Court denied his petition for writ of certiorari on February 23, 1998. *Parks v. United*

---

[1] Plaintiff also filed a Motion to Extend Time to file his Rule 60(b) motion, ECF 99. Because, as noted above, his Rule 60 motion was time-barred well before his motion to extend time was filed, ECF 99 will also be DENIED.

*States*, 522 U.S. 1142 (1998).  Parks's conviction became final on that date, for purposes of his one-year statute of limitations under 28 U.S.C. § 2255.  However, he did not file his first Motion to Vacate under that statute until October 22, 2001.  ECF 76.  Then-presiding United States District Judge Benson E. Legg denied that Motion as time-barred.  ECF 77, 78.

On May 9, 2016, Parks sought permission to file another § 2255 motion.  ECF 86.  The Fourth Circuit declined to grant permission, ECF 88, and the District Court denied Parks's motion.  ECF 89, 90.  Parks's subsequent motion to reduce his sentence, ECF 91, was also denied, ECF 96.

In his instant motions, Parks again seeks to have his sentence overturned or shortened on several grounds.  First, he seeks relief under 18 U.S.C. § 3553.  That sentencing statute details the factors that district courts must consider when imposing sentence on a defendant, but provides no independent mechanism for a convicted defendant to challenge a sentence after it has been imposed.  Because Parks's motion seeks to challenge his sentence, it must be construed as a successive § 2255 petition, for which he has failed to obtain permission from the Fourth Circuit.

Parks's Rule 60 motion meets a similar fate.  Even if the motion could be construed as something other than another challenge to his conviction pursuant to 28 U.S.C. § 2255, any motion pursuant to Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c).  Even the most recent denial of post-conviction relief to Parks occurred more than two years before he filed the instant motion, rendering the motion untimely even if it were otherwise proper.  ECF 96 (May 2019 order denying motion to reduce sentence).  But regardless, a Rule 60(b) motion is not the appropriate vehicle to attack a conviction or sentence.  *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Finally, Parks now suggests he was not competent to stand trial in 1996.  ECF 106.  He cites 18 U.S.C. § 4241, under which a motion may be filed, "[a]t any time after the commencement

of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence[.]" Neither of those provisions applies to Parks, who was sentenced 25 years ago and is serving a life sentence, so has not commenced "probation or supervised release." Thus, even if he were not mounting a clear collateral challenge to his conviction, he would have no basis for relief pursuant to 18 U.S.C. § 4241.

Accordingly, Petitioner's motions, ECF 97, 99, 103, and 106, must be denied. A separate Order follows.

Date:  October 6, 2021

_____/s/_____
Stephanie A. Gallagher
United States District Judge