## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **v.** | * | **Crim. Case No.:  SAG-95-347** |
| | * | |
| **ROBERT DONNELL PARKS,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### <u>MEMORANDUM OPINION</u>

Defendant Robert Donnell Parks, who is serving a life sentence in the Bureau of Prisons ("BOP"), filed a motion seeking compassionate release. ECF 111. This Court appointed counsel to represent Mr. Parks and counsel filed a supplemental motion, ECF 115, which the Government opposed, ECF 122. Mr. Parks filed a reply. ECF 123. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons addressed below, this Court will DENY Mr. Parks's motions but will permit him to renew his motion in eighteen months should he maintain a clean record at his institution, as described below.

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the BOP, the First Step Act granted defendants the ability to move the court for a reduction in their sentence for "extraordinary and compelling reasons." Before a defendant's motion can be filed with the court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of

such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion for compassionate release is properly filed, the court determines whether extraordinary and compelling reasons render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

The Government does not dispute that Mr. Parks adequately exhausted his administrative remedies before filing his motion. *See* ECF 122. Thus, this Court turns to whether he has established any extraordinary and compelling reason warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission ("Commission") to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission has defined "extraordinary and compelling reasons" to exist where (1) the defendant is suffering from a terminal or serious medical condition; (2) the defendant is at least 65 years old, has failing health, and has served at least 10 years or 75 percent of his sentence, whichever is less; (3) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; (4) the defendant was a victim of physical or sexual abuse committed by an individual with custody or control over the defendant while he was incarcerated; (5) "other reasons" similar in gravity; or (6) the defendant has served at least 10 years of an "unusually long sentence" and a change in the law has produced a "gross disparity" between the sentence being served and the sentence likely to be imposed when the defendant files his motion. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).

This case falls into the "catch-all" or "other reasons" provision because Mr. Parks does not precisely qualify under any of the other provisions. There has not been any formal change in the law resulting in a "gross disparity" between Mr. Parks's sentence and the sentence likely to be imposed upon a similarly situated defendant today. It may be true that, today, a defendant who participated in one murder and one attempted murder, but was not the leader of an international organization, would be unlikely to be charged under 18 U.S.C. § 1959 for committing a violent crime in aid of racketeering activity. However, that question rests in the exercise of prosecutorial discretion, which can be unpredictable. Mr. Parks's conduct fulfilled the elements of the offense of conviction. Moreover, Mr. Parks proceeded to trial and did not plead guilty, eliminating the second opportunity for a prosecutor to make a decision to charge a less serious offense.[1] While Mr. Parks's sentence is unquestionably lengthy, this Court cannot say with certainty that he would receive a different outcome today, despite an overall reduction in the average length of murder sentences over time. *See Interactive Data Analyzer*, U.S. SENT'G COMM'N, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited July 30, 2024) (demonstrating that, in the last five fiscal years, 83.6 percent of defendants convicted of murder received sentences of 30 years or less).

Mr. Parks also contends that, in combination with the disproportionate length of his sentence, his rehabilitation amounts to an "extraordinary and compelling reason" justifying further consideration of his release. He has been incarcerated for more than twenty-eight years and has participated in many rehabilitative programs. ECF 117-1. He volunteers to help other inmates in his facility, and he hopes to continue working with younger at-risk individuals upon his release.

---

[1] For this reason, this Court is unpersuaded by Mr. Parks's argument regarding the discrepancy between his sentence and that of his co-defendant who pleaded guilty and cooperated with the Government. *See* ECF 115 at 16–17.

ECF 117-2. This Court recognizes Mr. Parks's meaningful accomplishments during his term of imprisonment, and the support from his family and friends expressed in their letters attached to his motion. ECF 117-4. However, this Court also acknowledges that Mr. Parks's disciplinary record while incarcerated has been less than stellar at times. He has serious infractions within the past five or six years, including "possessing a hazardous tool" and "possessing drugs/alcohol," along with a fighting infraction in 2019 and "possessing a dangerous weapon" in 2018. ECF 117-5 at 1–2. Despite his recent successes, therefore, this Court cannot categorize Mr. Parks's prison record as "exemplary." It also appears that Mr. Parks may have refused some of the programs offered in his "First Step Act Needs Reassessment Worksheet." ECF 111-1 at 11.

In the end, while this Court believes it would have the authority to find a combination of the length of Mr. Parks's sentence, his age and health, and his prison record/rehabilitation to constitute an extraordinary and compelling reason justifying further consideration of compassionate release, it does not make that finding on the current record. The Court does not foreclose, however, the possibility that further demonstration of truly rehabilitated conduct could alter its view of the totality of the circumstances. If this Court were to find that Mr. Parks eventually satisfies the extraordinary and compelling standard, it will consider the 18 U.S.C. § 3553(a) factors to determine whether a reduction of his sentence is warranted. Accordingly, Mr. Parks will be permitted to refile his motion eighteen months from the date of the accompanying order if he has maintained an infraction-free disciplinary record and has complied with the other recommendations for programming within his facility, including his continued participation in positive rehabilitative activities.

Mr. Parks's motions, ECF 111 and 115, will be denied by separate order, with leave to refile his motion if the conditions discussed herein are met.

Dated: August 12, 2024

_____/s/_____
Stephanie A. Gallagher
United States District Judge